United States District Court
Southern District of Texas
**ENTERED**
February 23, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE TRAMBLE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2168 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging his 1983 conviction and three-year sentence for theft by receiving. He additionally challenges two 1992 convictions and 30-year sentences for aggravated sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 9), to which petitioner filed a response (Docket Entry No. 11).

Having reviewed the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### Background and Claims

Petitioner was convicted of theft by receiving in 1983 and was sentenced to three-years incarceration. The sentence was discharged in 1986.

Petitioner was also convicted of two counts of aggravated sexual assault of a child in 1992 and sentenced to thirty years' incarceration on each, to be served concurrently. He

remains incarcerated on those sentences.  The 1992 convictions were affirmed on direct appeal, and discretionary review was refused in November 1993.   Petitioner's first application for state habeas relief was filed on May 24, 1994, and denied by the Texas Court of Criminal Appeals on August 17, 1994.  His second application for state habeas relief, filed in April 1996, was dismissed as an abuse of the writ on June 12, 1996.  Petitioner filed a third application for state habeas relief in 2011, after expiration of the federal one-year limitation.

Petitioner filed a federal habeas petition challenging the 1992 convictions on April 5, 1994, while his first state habeas application was pending.  The federal petition was dismissed without prejudice for failure to exhaust on April 18, 1994.  *Tramble v. Collins*, C.A. No. H-94-1131 (S.D. Tex.).  He filed a second federal habeas petition on February 28, 1997, which was denied on the merits on July 31, 1999.  *See Tramble v. Johnson*, C.A. No. H-97-741 (S.D. Tex. 1999).

In the instant habeas petition, petitioner claims that his theft conviction was unconstitutional because he was not represented by counsel.  He claims that his convictions for aggravated sexual assault of a child were improperly enhanced with the unlawful theft conviction.

Respondent argues that the Court is without jurisdiction to address the expired theft conviction, and that petitioner's challenges to the 1992 convictions are successive as well as barred by limitations.

*The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U .S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id*. at 411.  "It bears repeating that even a strong case for relief does not mean the state court's contrary

3

conclusion was unreasonable." *Richter*, 562 U.S. at 102.  As stated by the Supreme Court

in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be.  As
> amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
> federal court relitigation of claims already rejected in state proceedings.  It
> preserves authority to issue the writ in cases where there is no possibility
> fairminded jurists could disagree that the state court's decision conflicts with
> this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view
> that habeas corpus is a "guard against extreme malfunctions in the state
> criminal justice systems," not a substitute for ordinary error correction through
> appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues.  Under

28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively

unreasonable in light of the evidence presented in the state court proceeding.  *Miller–El v.

Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see

also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether

the pleadings, discovery materials, and the summary judgment evidence show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported

motion for summary judgment, the burden shifts to the nonmovant to show with significant

probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue*

*Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding,

the rules only apply to the extent that they do not conflict with the federal rules governing

habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's

findings are to be presumed correct, overrides the summary judgment rule that all disputed

facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless

a petitioner can rebut the presumption of correctness of a state court's factual findings by

clear and convincing evidence, the state court's findings must be accepted as correct by the

federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on*

*other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Analysis*

*The 1983 Conviction*

Petitioner challenges the validity of his 1983 conviction for theft by receiving.  As

grounds, he argues that he was denied appointment of counsel.

As correctly argued by respondent, petitioner's three-year sentence in the conviction

was discharged in 1986, and he is no longer in custody for purposes of challenging that

conviction and sentence.  As prerequisite to filing a habeas petition challenging a state court

conviction, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).  The petitioner must be in custody pursuant to the judgment of a State court.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner was not in custody under the 1983 conviction at the time he sought habeas relief, because the sentence was discharged in 1986.  Although the Supreme Court has held that section 2254's "in custody" requirement is satisfied when a habeas petitioner attacks an expired conviction used to enhance his current punishment, this exception applies only if the section 2254 petition can be read as a challenge to the current holding conviction.  *Maleng*, 490 U.S. at 490–91.  Thus, to the extent this petition is a challenge to the 1983 conviction, the Court is without jurisdiction as petitioner is not in custody pursuant to that conviction.  Petitioner's habeas claims challenging the 1983 conviction must be dismissed for want of jurisdiction, and respondent is entitled to summary judgment dismissal of the claims.

However, to the extent petitioner challenges the validity of his 1983 conviction in context of his current 1992 holding convictions, his claims will be addressed below.

*The 1992 Convictions*

Petitioner challenges his two 1992 convictions on the basis that they were enhanced by the allegedly invalid 1983 conviction. He argues that the Court has jurisdiction to consider the invalidity of the 1983 conviction because his arguments fall squarely within the exception set forth in *Maleng*. *Id*.

Petitioner is correct that his otherwise expired 1983 conviction and sentence can be challenged if it was used to enhance his current holding conviction and sentence. The challenge, however, must constitute a challenge to the current holding conviction. As stated in *Lakawanna*,

> When an *otherwise qualified* § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.

532 U.S. at 404 (emphasis added). Respondent argues that petitioner is not "otherwise qualified" because this claim is successive and time-barred.

In arguing that petitioner's federal habeas petition is successive, respondent correctly relies on the fact that petitioner challenged his 1992 convictions in a 1997 federal habeas petition that was dismissed on the merits in 1999. Petitioner would have known at that time, or should have known in the exercise of reasonable diligence, that the 1983 conviction was used to enhance the 1992 conviction, and would have known at that time, or should have known in the exercise of reasonable diligence, that he purportedly was not appointed counsel for the 1983 conviction. Moreover, petitioner's claim here does not rely on a new,

7

retroactive rule of constitutional law, nor does he show that but for the supposed errors he would not have been found guilty. *See* 28 U.S.C. § 2244(b)(2). Thus, the instant petition constitutes a successive federal habeas petition challenging the 1992 convictions. Because neither petitioner nor public records for the Fifth Circuit Court of Appeals show that he obtained leave to file this successive petition, it stands an unauthorized successive petition that must be dismissed for want of jurisdiction.

Even assuming the instant petition were not successive, it would be subject to dismissal as barred by the federal one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

The record does not indicate that any unconstitutional "State action" prevented petitioner from filing for federal habeas corpus relief prior to the end of the limitation period. See 28 U.S.C. § 2244(d)(1)(B). Also, his claim does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Finally, petitioner has not shown that he could not have discovered the factual predicate of his claim until a date subsequent to the date his conviction became final.  See 28 U.S.C. § 2244(d)(1)(D).

The Texas Court of Criminal Appeals refused discretionary review in petitioner's appeal of his 1992 convictions on November 17, 1993.  Petitioner did not seek a writ of certiorari, and the convictions became final for purposes of AEDPA ninety days later, on February 15, 1994. SUP. CT. R. 13.1.  Limitations expired one year later, on February 15, 1995.  However, because the convictions became final before enactment of AEDPA, petitioner would have had until one year after the AEDPA's effective date, April 24, 1996, in which to file his federal petition for writ of habeas corpus, absent tolling. *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914 (5th Cir.

1998).  Therefore, petitioner had until April 24, 1997, to file a timely federal petition for habeas corpus, absent tolling.  Petitioner's second state habeas petition tolled limitations, and extended his deadline until June 13, 1997.  Petitioner's subsequent state habeas applications filed during 2011 through 2014 were filed after expiration of limitations and did not operate to toll the statutory filing period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas application filed after the expiration of the federal limitations period has no tolling effect).

The instant federal habeas petition, filed no earlier than July 24, 2015, is over eighteen years late as it relates to petitioner's aggravated sexual assault of a child convictions.  Even if this petition were not an unauthorized successive petition, respondent would be entitled to summary judgment dismissal of the petition with prejudice as barred by limitations.

*Conclusion*

The motion for summary judgment (Docket Entry No. 12) is GRANTED and this lawsuit is DISMISSED WITHOUT PREJUDICE.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED AS MOOT.

Signed at Houston, Texas on February 23, 2017.

Gray H. Miller
United States District Judge